Bosworth, Ch. J.
If the question were res nova, whether a defendant, in an action of crim. con., could be held to bail on an affidavit which established a cause of action and only that, and did not show that the defendant was a non-resident of the State, or was about to remove from it, I should hesitate about holding the wrong to be an injury to the person of the plaintiff (the husband) within the meaning of section 179 of the Code, subdivision 1.
It is an injury to the personal rights of the husband. But this section has been construed to embrace such a cause of action, under the description of an “injury to person.” It was held that this language was used in its established legal signification; and that among injuries to person, are included the abduction or beating of a wife, or criminal conversation with her, for which trespass vi 'et armis would lie at common law at the suit of the husband. (4 How. Pr. R., 234; 3 Code R., 9; 3 Black. Com., 139, 140; 4 Cow. R., 412.)
An execution against the body would, according to the practice as established prior to the Code, issue as a matter of course *628 in such an action. If a construction so limited be given, that an order of arrest cannot be made on proof of a cause of action alone, it must follow that no ca. sa. can be issued on the judgment. It is difficult to believe that the Legislature, from any considerations of public policy, designed to abolish this remedy.
I am, therefore, inclined to think, that the construction given by Mr. Justice Parker, and subsequently by Mr. Justice Mason, on consultation with his brethren, (3 Code R., 9,) is tenable. The order applied for is granted.